DocuSign Envelope ID: 7BD92BA3-C63E-48C1-806E-1DAE153239FB

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

**State of Texas**, et al.,

                Plaintiffs,

v.

**United States of America**, et al.,

                Defendants.

Case No. 2:24-cv-00086-Z

## DECLARATION OF JOHN HATFIELD

I, John Hatfield, declare as follows:

1. I am over 18 years old and fully competent to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I am a named plaintiff in this litigation.

4. I am the Century Club Professor of Finance at the McCombs School of Business of the University of Texas at Austin. The University of Texas at Austin is subject to Title IX and its prohibition on "sex" discrimination. As a professor at UT-Austin, I am also subject to the requirements of Title IX in my capacity as an educator and scholar.

5. I have no intention of complying with the Biden Administration's recently announced Title IX edict, which has nothing to do with "sex" discrimination and represents nothing more than an attempt to force every educator in the United States to conform to a highly contentious interpretation of gender ideology and abortion rights.

DocuSign Envelope ID: 7BD92BA3-C63E-48C1-806E-1DAE153239FB

6. The new Title IX rule purports to define "discrimination on the basis of sex" to include "discrimination on the basis of sex stereotypes, sex characteristics, pregnancy or related conditions, sexual orientation, and gender identity." *See* 34 C.F.R. § 106.10.

7. The new Title IX rule also purports to define "pregnancy or related conditions" to include abortion. *See* 34 C.F.R. § 106.2 ("Pregnancy or related conditions means . . . Pregnancy, childbirth, termination of pregnancy, or lactation"). It requires professors to accommodate student absences from class to obtain abortions—including illegal abortions and purely elective abortions that are not medically required. *See* 34 C.F.R. § 106.40(b)(3)(ii)(C); 34 C.F.R. § 106.40(b)(3)(iv); *see also* 34 C.F.R. § 106.40(b)(6)(vi)(4) ("[A] recipient must treat pregnancy or related conditions in the same manner and under the same policies as any other temporary medical conditions").

8. There are at least four ways in which I will not comply with the Biden Administration's Title IX rule.

9. First. I will not honor any student's demands to be addressed by the singular pronoun "they"—regardless of whether those demands come from a biological man or a biological woman, and regardless of whether the person making those demands identifies with a gender that matches or departs from his biologically assigned sex. "They" is a plural pronoun, and it is ungrammatical to use a plural pronoun to refer to a single person. I will not violate the rules of grammar or compromise my educational mission to accommodate a student's delusional beliefs. Nor will I honor demands to use other "made-up" pronouns that are not a standard part of the English language. This is not "sex" discrimination of any sort, even under *Bostock v. Clayton County*, 590 U.S. 644 (2020), because I will enforce this policy equally against male and female students. *See id.* at 660 ("Take an employer who fires a female employee for tardiness or incompetence or simply supporting the wrong sports team. Assuming

the employer would not have tolerated the same trait in a man, Title VII stands silent.").

10.  Second. I will not knowingly permit my teaching assistants to engage in cross-dressing while teaching my classes or interacting with my students. My teaching assistants—both male and female—must wear appropriate attire while on the job, and I will not allow a male teaching assistant to wear a dress or high heals or any type of drag attire while working for me. Although I am not opposed to hiring a cross-dresser or transvestite as a teaching assistant, they must refrain from this behavior while on the job and when interacting with my students in any way.

11.  Third. I will not knowingly treat an absence from class to obtain an illegal abortion or a purely elective abortion as an excused absence. The law of Texas has outlawed and criminalized abortion in all circumstances unless the mother's life is in danger. *See* Tex. Health & Safety Code § 170A.002(a). And federal law imposes criminal liability on any person who obtains abortion drugs through the mail, or from an express company or common carrier or through an interactive computer service—including pregnant women who obtain these pills for use in a self-managed abortion. *See* 18 U.S.C. § 1461–1462. I will not accommodate or become complicit in these crimes by excusing a student's absence from class if that student skips class to obtain an illegal abortion in Texas, or to perform a self-managed abortion with illegally obtained abortion drugs.

12.  Nor will I knowingly excuse a student's absence from class if that student leaves the state to obtain a purely elective abortion. I will certainly accommodate students who are seeking medically necessary abortions in response to a pregnancy that threatens the student's life or health. But I will not accommodate a purely elective abortion that serves only to kill an unborn child that was conceived through an act of voluntary and consensual sexual intercourse. Pregnancy is not a disease, and elective abortions are not "health care" or "medical treatment" of any sort. They are purely

elective procedures, and I will not accommodate an act of violence against the most vulnerable and defenseless members of the human family.

13.  Fourth. I expect my teaching assistants to obey and respect the laws of Texas and the laws of the United States, so I will not knowingly hire a teaching assistant who has violated the abortion laws of Texas or the federal-law prohibitions on the shipment or receipt of abortion pills and abortion-related paraphernalia. *See* 18 U.S.C. § 1461–1462. The Title IX rule purports to ban "discrimination" against *anyone* who has had an abortion, even if the abortion was illegal and even if the woman violated or aided or abetted violations of 18 U.S.C. § 1461–1462 to obtain the abortion. But I do not hire criminals or lawbreakers to serve as teaching assistants, and I will not comply with this concocted non-discrimination rule.

I declare under penalty of perjury that the facts stated in this declaration are true and correct.

Dated: 5/13/2024

DocuSigned by:
*John Hatfield*
E661E05325F0426...
JOHN HATFIELD