# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS ET AL., *PLAINTIFFS*, <br><br> v. <br><br> THE UNITED STATES OF AMERICA ET AL., *DEFENDANTS*. | No. 2:24-CV-86-Z |

### PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION FOR STAY OF AGENCY ACTION AND PRELIMINARY INJUNCTION

Plaintiffs move under Fed. R. Civ. P. 6 to set an expedited briefing schedule on their motion for preliminary relief from Defendant U.S. Department of Education's ("the Department") recently published regulations redefining the scope of Title IX of the Educations Amendment Act. *U.S. Dep't of Educ., Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33,474 (Apr. 29, 2024) ("Final Rule"). As indicated in the certificate of conference, Defendants are unable at this time to state whether or not they oppose this motion.

The Final Rule becomes effective on August 1, 2024. Plaintiffs thus moved this Court to enter preliminary relief from the Final Rule during the pendency of these proceedings on May 13, 2024. See ECF No 13-2. Defendants' response in opposition to Defendants' motion for preliminary relief is due June 3, 2024. N.D. Tex. L.R. 7.1(e). As detailed in Plaintiffs' Amended Complaint and Motion for Stay of Agency Action and Preliminary Injunction, they face imminent irreparable harm if the Final Rule is allowed to take effect and will begin incurring nonrecoverable compliance costs before the effective date. For these reasons, Plaintiffs ask that Defendants' response in opposition be due in 14 days, and that Plaintiffs' reply be due 7 days after that. Plaintiffs

also asks that if this Court wishes to set this matter for a hearing, it does so the week of June 3, 2024, after briefing is complete.

## Introduction

In less than three months, the Department's Final Rule will take effect. The Final Rule presents a radical rewrite of Title IX. Among other things, the Final Rule will prohibit all institutions receiving federal funds from maintaining sex separate, private spaces like bathrooms, locker rooms, and shower facilities, as well as most other educational activities and programs, when doing so conflicts with students' subjective sense of their gender. The Final Rule aggressively targets students who refuse to bow to the altar of gender ideology—labeling even the simple refusal to use a person's "preferred pronouns" as "sex-based harassment." And for any student accused of violating these dictates, the rule slashes the process they are due.

An expedited briefing schedule is necessary so that this Court has ample time to adequately weigh the far-reaching and complex issues presented in the Department's Final Rule before it goes into effect and causes Plaintiffs irreparable harm.

For these reasons, Plaintiffs ask this Court to set the following briefing schedule, where Defendants' response in opposition is due in 14 days, and Plaintiffs' reply is due 7 days after that:

| Filing | Proposed Deadline |
|---|---|
| Defendants' opposition to Plaintiffs' motion for preliminary relief. | **Tuesday, May 28, 2024**[1] |
| Plaintiffs' reply in support of their motion for preliminary relief. | **Monday, June 3, 2024** |

## Argument

Plaintiffs ask that Defendants respond to their motion for preliminary relief by May 28, 2024. This timeframe is both fair and reasonable given the circumstances. This Court has the "inherent power" to "manage its docket and courtroom with a view toward the *efficient* and *expedient* resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 41 (2016) (citation omitted) (emphasis added).

---

[1] Monday, May 27 is Memorial Day. Fed. R. Civ. P. 6 (1)(C).

2

The prompt establishment of a briefing schedule is essential given the Final Rule is less than three months from taking effect. The expedited briefing schedule ensures that Defendants have adequate time to prepare a substantive response while enabling the Court to address the motion well before the Final Rule takes effect.

The Final Rule, published on April 29, 2024, presents a radical and expansive redefinition of protections under Title IX, touching on sensitive areas such as the use of sex-segregated spaces and the enforcement of gender-identity policies. The breadth and depth of the changes, along with their immediate and profound effect on educational institutions and individuals, demand a thorough and timely judicial review to prevent irreparable harm to Plaintiffs and similarly situated parties.

Recognizing the urgency and the substantial workload that the Final Rule imposes on all parties, Plaintiffs moved promptly for preliminary relief just 14 days following its publication. Plaintiffs propose that Defendants be allotted the same 14-day period to prepare their response.

Plaintiffs also request their reply period be reduced from 14 days to 7 days. This underscores Plaintiffs' recognition of the necessity for the Court to have sufficient time to deliberate on the issues raised in the motion for preliminary relief, ensuring that the matter is resolved well before the Final Rule's effective date.

For these same reasons, the Plaintiffs ask that if this Court wishes to hold a hearing on Plaintiffs' motion for preliminary relief,[2] it does so shortly after briefing is completed—preferably the week of June 3, 2024.[3] Plaintiffs would also support the Court's decision to rule on the papers without a hearing.

---

[2] See Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs without oral hearings."); *see also* N.D. Tex. L.R. 7.1(g).

[3] Plaintiffs point the Court to *Tennessee et al. v. Cardona et al.*, No. 2:24-cv-00072 (E.D. Ky. 2024), which involves a challenge by several other states ("Tennessee Plaintiffs") to the Final Rule. A hearing on Tennessee Plaintiffs' motion for preliminary relief is set for **Monday, June 10, 2024**. *See* ECF No. 49. Tennessee Plaintiffs are asking for the same preliminary relief that Plaintiffs in this matter are—a stay under 5 U.S.C. § 705, and ultimately vacatur of the Final Rule under 5 U.S.C. § 706(2).

## Conclusion

For all these reasons, Plaintiffs ask that this Court their motion for expedited briefing and order Defendants' opposition to Plaintiffs' motion for preliminary relief be due on Tuesday, May 28, 2024, and the Plaintiffs' reply in support of their motion for preliminary relief be due on Monday, June 3, 2024.

Dated: May 13, 2024.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

*/s/Ryan D. Walters*
**RYAN D. WALTERS**
Chief, Special Litigation Division
Ryan.Walters@oag.texas.gov

**AMY SNOW HILTON**
Special Counsel
Amy.Hilton@oag.texas.gov

**KATHLEEN T. HUNKER**
Special Counsel
Kathleen.Hunker@oag.texas.gov

**JOHNATHAN STONE**
Special Counsel
Johnathan.Stone@oag.texas.gov

**GARRETT GREENE**
Special Counsel
Garrett.Greene@oag.texas.gov

Respectfully submitted.

**MUNERA AL-FUHAID**
Special Counsel
Munera.Al-fuhaid@oag.texas.gov

**ZACHARY BERG**
Special Counsel
Zachary.Berg@oag.texas.gov

**ETHAN SZUMANSKI**
Special Counsel
Ethan.Szumanski@oag.texas.gov

**KYLE TEBO**
Assistant Attorney General
Kyle.Tebo@oag.texas.gov

Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

**COUNSEL FOR STATE OF TEXAS**

**GENE P. HAMILTON**
America First Legal Foundation
611 Pennsylvania Ave. SE #231
Washington, DC 20003
(202) 964-3721
Gene.Hamilton@aflegal.org

**COUNSEL FOR STATE OF TEXAS, DANIEL A. BONEVAC & JOHN HATFIELD**

**JONATHAN F. MITCHELL**
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
Jonathan@mitchell.law

**COUNSEL FOR DANIEL A. BONEVAC & JOHN HATFIELD**

### CERTIFICATE OF CONFERENCE

I certify that around 10:45 am CT on May 13, 2024, I conferred by telephone and email with George Padis, Assistant U.S. Attorney for the Northern District of Texas, about this motion. Via email at 4:44 pm CT, he forwarded my email request to Elizabeth Tulis at DOJ, the attorney assigned to this case. At 8:32 pm CT on May 13, 2024, Ms. Tulis informed me that she could not give me an answer regarding this motion until May 14, 2024.

*/s/ Ryan D. Walters*
RYAN D. WALTERS

### CERTIFICATE OF SERVICE

I certify that on May 13, 2024, this document was filed through the Court's CM/ECF system, which served it upon all counsel of record. The U.S. Attorney for the Northern District of Texas accepted service of process on that office via email today, and I served this document via email to Elizabeth.Tulis@usdoj.gov and George.Padis@usdoj.gov on May 13, 2024.

*/s/ Ryan D. Walters*
RYAN D. WALTERS