IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF TEXAS *et al.*,

    Plaintiffs,

v.                                             2:24-CV-86-Z

UNITED STATES OF AMERICA *et al.*,

    Defendants.

**ORDER**

Before the Court is Plaintiffs' Motion for Leave to Exceed the Page Limit ("Motion to Exceed") (ECF No. 13) and Motion to Expedite ("Motion to Expedite") (ECF No. 14), both filed May 14, 2024.

Plaintiffs' Motion to Exceed is **GRANTED**. It "request[s] permission . . . to exceed the page limit by 25 pages, making the combined filing 50 pages." ECF No. 13 at 1. And there are "extraordinary and compelling reasons" to extend the parties' page limits. N.D. TEX. L.R. 7.2(c); *see* ECF No. 13 at 1 ("Plaintiffs' motion raises complex issues of national importance . . . ."). The Clerk of Court is therefore **DIRECTED** to file ECF No. 13-2 as a separate Motion for Stay and PI, and to file ECF Nos. 13-3 and 13-4 as exhibits to that newly filed motion.

Plaintiffs' Motion to Expedite is **DENIED**. "The court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). The Supreme Court adds that "[t]he notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the [opposing party] is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 432 n.7 (1974). And "[b]ecause '[c]ompliance with

Rule 65(a)(1) is mandatory,' a preliminary injunction granted without adequate notice and a fair opportunity to oppose it should be vacated and remanded to the district court." *Harris Cty., Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (quoting *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992)).

The Motion to Expedite, if granted, would require Defendants to respond by Tuesday, May 28, 2024 — 14 days from today. ECF No. 14 at 2; *cf.* N.D. TEX. L.R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Yet aside from a slim certificate of conference and service of the Motion to Expedite, ECF No. 14 at 6, there is nothing in the record to indicate that Defendants are properly on notice to begin compliance with this expedited schedule. And given the "complex issues of national importance" that necessitate doubling the length of Plaintiffs' PI Motion, ECF No. 13 at 1, an expedited schedule seems especially inappropriate here.

**SO ORDERED.**

May 14, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE