# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Case No. 2:24-CV-86-Z <br> District Judge Matthew J. Kacsmaryk |

## MOTION FOR LEAVE TO APPEAR WITHOUT LOCAL COUNSEL

TO THE HONORABLE DAVID C. GODBEY:

The undersigned counsel, who is admitted to this court, respectfully seeks this Court's leave to participate as counsel in this litigation solely for the purpose of serving as counsel for proposed *amici curiae* the States of California, New Jersey, and Pennsylvania ("Proposed Amici States")[1] without separate local counsel as required under N.D. Tex. R. 83.10(a).

## INTRODUCTION

1.    Principal Plaintiff Texas, represented by the Attorney General of Texas, and joined by Plaintiffs Daniel A. Bonevac and John Hatfield, seek a stay of agency action and a preliminary injunction.

2.    Defendants, represented by the United States Department of Justice, are the United States of America; Miguel Cardona, in his official capacity as Secretary

---

[1] Proposed Amici States intend to file a Motion for Leave to Appear as Amici Curiae on or about June 21, 2024.

of Education; the United States Department of Education; Catherine Lhamon, in her official capacity as Assistant Secretary for Civil Rights, Department of Education; and Randolph Wills, in his official capacity as Deputy Assistant Secretary for Enforcement, Department of Education.

3.    Under N.D. Tex. R. 83.11, an attorney appearing on behalf of the United States Justice Department or the Attorney General of the State of Texas is generally exempt from the local counsel requirement of N.D. Tex. R. 83.10.

4.    Proposed Amici States are not parties to this action and seek only to file an *amicus curiae* brief in opposition to Plaintiffs' pending Motion for Stay of Agency Action and Preliminary Injunction. *See* ECF No. 16. Proposed Amici States do not seek party status or to participate in oral argument, but only to file an amicus brief to provide the Court with useful information to aid the Court in resolving the pending motion. *See, e.g. Lefebure v. D'Aquilla,* 15 F.4th 670, 676 (2021) (granting leave to file a brief as *amici curiae* because courts should grant "'motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted.'") (quoting *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue,* 293 F.3d 128, 133 (3rd Cir. 2002)). Given the minimal involvement of Proposed Amici States in this matter, the obligations and duties of counsel can be fulfilled without the necessity of local counsel. Further, the time and expense required to locate, screen, and educate local counsel presents a hardship to the Proposed Amici States.

5.    Because the principal parties to this action will be exempt from the local counsel requirement, granting the same treatment to the Proposed Amici States will not deter from the Local Rule's goal of permitting the scheduling of hearings on short notice.

6.    Accordingly, the Proposed Amici States respectfully seek leave to participate in this litigation without local counsel.

## ARGUMENT AND AUTHORITIES

7.      This case is unique in that Principal Plaintiff Texas and Defendants are exempt from the local rule requirement. Under N.D. Tex. R. 83.11 and unless the presiding judge directs otherwise, an attorney appearing on behalf of the United States Justice Department or the Attorney General of the State of Texas, and who is eligible pursuant to LR 83.9(a) to appear in this court, shall be exempt from the local counsel requirement of N.D. Tex. R. 83.10.

8.      As such, no additional delay will result from granting the requested relief.  As any hearing on short notice will require that other counsel also travel, no additional delay will come from counsel for the Proposed Amici States traveling to attend any hearing.

9.      Moreover, counsel for the Proposed Amici States certify to the Court that they will be available for hearings called on short notice, including emergency hearings that may need to be held within twenty-four hours notice. The undersigned is a Deputy Attorney General and resides within 20 miles of the Oakland airport, which has approximate 6-hour flights to the Amarillo Airport.

10. The undersigned is admitted to the Northern District of Texas and has significant experience in using the CM/ECF system in multiple federal courts. The undersigned has also reviewed and is familiar with the Local Rules of the Northern District of Texas and is prepared to abide by its rules and procedures.

11.     As such, granting the relief requested will comport with the purpose of Local Rule 83.10 that counsel be present and available to argue a party's position at any hearing called by the presiding judge on short notice.

12.     Pursuant to Local Rule 7.1(h), counsel for California has conferred with counsel for Plaintiffs and Defendants regarding the relief requested here. The Defendants do not oppose this motion. The Plaintiffs take no position regarding this motion.

## PRAYER AND CONCLUSION

Wherefore, for the foregoing reasons, movants respectfully request that the Court enter an Order allowing Proposed Amici States to appear without local counsel. A proposed order is attached to this motion.

Dated: June 7, 2024                    Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA FAER
Supervising Deputy Attorney
General
CHRISTINA RIEHL
EDWARD NUGENT
Deputy Attorneys General


*/s/ Nimrod Pitsker Elias*
NIMROD PITSKER ELIAS
(251634CA)
Deputy Attorney General
*Attorneys for Amicus Curiae*
*State of California*

4

## DECLARATION OF NIMROD PITSKER ELIAS

I, Nimrod Pitsker Elias, declare:

1.    I am an attorney at law in good standing, admitted to the Northern District of Texas. I am also an attorney at law in good standing licensed to practice in all Courts of the State of California.

2.    I have been appointed and currently serve as a Deputy Attorney General in the Office of the Attorney General, State of California. In this capacity, I have been assigned to appear on behalf of the Proposed State Amici in this matter. I have personal knowledge of the facts and would testify competently to those set forth herein.

3.    I live within 20 miles of the Oakland airport which has approximate six-hour flights to the Amarillo Airport. I certify to the Court that I will be available for hearings called on short notice, including emergency hearings that may need to be held within twenty-four hours notice.

4.    Each of the Deputy Attorneys General assigned to this case, including myself, have familiarized themselves with the Local Rules of the Northern District of Texas, and we are each prepared to abide by its rules and procedures.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was signed on this date in Berkeley, California.

Executed on this 7th day of June, 2024, at Berkeley, California.


*/s/ Nimrod Pitsker Elias*
NIMROD PITSKER ELIAS
(251634CA)
Deputy Attorney General

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 6, 2024, Deputy Attorney General Christina Riehl conferred with Elizabeth Tulis, counsel for Defendants, concerning the Proposed Amici States' Motion for Leave to File without Local Counsel. During that conference, Ms. Tulis indicated that she had no opposition to the Motion for Leave to File without Local Counsel.

I also certify that on June 6, 2024 at 3:53 p.m. PDT, Deputy Attorney General Christina Riehl left a voice message and sent a follow-up email to Ryan Walters, counsel for the State of Texas, concerning the Proposed Amici States' Motion for Leave to File without Local Counsel. At 8:29 a.m. PDT on June 7, 2024, Mr. Walters informed Ms. Riehl that he needed to speak with all counsel to provide an opinion regarding this motion. At 1:16 p.m. PDT on June 7, 2024, Mr. Walters confirmed that Plaintiffs take no position on whether the court should waive the requirement to obtain local counsel.

Dated:  June 7, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA L. FAER
Supervising Deputy Attorney General
CHRISTINA RIEHL
EDWARD NUGENT
Deputy Attorneys General

*/s/ Nimrod Pitsker Elias*
NIMROD PITSKER ELIAS (251634CA)
Deputy Attorney General
*Attorneys for Amicus Curiae*
*State of California*

## CERTIFICATE OF SERVICE

I certify that on June 7, 2024, this document was filed through the Court's CM/ECF system, which served it upon all counsel of record.

*/s/ Nimrod Pitsker Elias*
NIMROD PITSKER ELIAS (251634CA)