**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS, *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 2:24-cv-86-Z |
| | District Judge Matthew J. Kacsmaryk |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al*., | |
| Defendants. | |
| | |
| CARROLL INDEPENDENT SCHOOL DISTRICT, | |
| Plaintiff, | |
| v. | Case No. 4:24-cv-00461-O |
| | District Judge Reed O'Connor |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al*., | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO CONSOLIDATE CASES**

Defendants have moved to consolidate two cases challenging the Department of Education's recently issued Final Rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024). The state of Texas has changed its view and now takes no position on consolidation. ECF No. 29. Plaintiffs in the other case—Carroll Independent School District (Carroll ISD)—do not dispute that the cases share a substantial common question of law, but nonetheless oppose.

The Court should consolidate these cases because they involve significant common questions of law, and because consolidation will promote judicial efficiency and avoid the perils of inconsistent outcomes in separate challenges to the same rule by closely-related parties. *See Miller v. USPS*, 729 F.2d 1033, 1036 (5th Cir. 1984) (consolidation appropriate where it will "expedite trial and eliminate unnecessary repetition and confusion").

## I.    It Is Undisputed that the Primary Factor—the Presence of Common Questions of Law or Fact—Points Toward Consolidation.

Carroll ISD does not dispute that the cases involve a common question of law.[1] *See generally* Carroll ISD Opp'n. Nor could it, given that the two cases both challenge the same Final Rule through substantially similar claims and both seek substantially similar relief. Defs.' Mot. to Consolidate (Defs.' Mot.) at 5, ECF No. 26. The presence of such common questions is the "primary factor" in determining if consolidation is appropriate. *Missouri v. Biden*, No. 3:22-CV-01213, 2023 WL 4721172, at *1 (W.D. La. July 24, 2023).

## II.    Many Additional Considerations Also Point Toward Consolidation.

As Defendants previously explained, multiple other factors also point in favor of consolidation, Defs.' Mot. at 5-7, including that the actions involve a common party; that no prejudice or confusion will result from consolidation; that consolidation will conserve the parties' resources and increase judicial efficiency; that the cases are at the same preliminary stage; and that consolidation would obviate some of the dangers of potential claim splitting. Carroll ISD does not dispute most of these reasons.

Although Carroll ISD questions the potential gains to judicial efficiency because it would

---

[1] Because Plaintiffs in both cases brought Administrative Procedure Act challenges against the Final Rule, the Court's review is limited to the administrative record associated with the Final Rule. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). There are accordingly no factual questions on the merits, common or otherwise.

still brief separately from Texas, Carroll ISD Opp'n 5-6, Defendants have already indicated that if the cases are consolidated, they are willing to file a combined brief in opposition to the plaintiffs' respective motions for preliminary injunction by June 14. This Court could then hold a single oral argument on both motions. In contrast, if the cases are not consolidated, Defendants will file a separate opposition to Carroll ISD's motion on June 20, two different courts will hear two separate oral arguments, and two different courts will issue decisions. And for similar reasons, as the cases proceed to the merits, consolidation would continue to accrue gains to judicial efficiency because Defendants could file a combined summary judgment brief and the Court could hold a combined argument.

As to the claim splitting point, Defendants do not currently bring a motion for relief on the basis of claim splitting. Accordingly, the Court need not resolve today if Carroll ISD is in privity with the state of Texas. However, it is entirely appropriate for the Court to consider the fact that Carroll ISD and Texas are clearly closely-related entities as a factor favoring consolidation, including that permitting them to challenge the same government policy in two different courts exposes Defendants to the harms of inconsistent argumentation and potentially inconsistent results.

For that purpose, it is more than sufficient that Carroll ISD and other Texas independent school districts are "instrumentalities of the State," *Texas* Am. Compl. ¶ 137, a fact that Carroll ISD does not dispute, *cf.* Carroll ISD Mot. 7 (noting only that Carroll ISD is "not a 'state agency' *represented by the Attorney General*" (emphasis added)). Nor does Carroll ISD dispute Texas's representation in its motion for preliminary injunction that Carroll ISD is a "political subdivision[ ]" of the State of Texas, Pls.' Mot. for Stay & Prelim. Inj. at 47-48, ECF No. 16. Indeed, both Carroll ISD and Texas seek to rely on the same alleged injury—federal funding to independent school districts like Carroll ISD. *See, e.g.*, *Texas* Am. Compl. ¶ 137; *see id.* ¶¶ 117-

122, 129-130, 140; *see also Carroll* Compl. ¶¶ 29-31. Given these facts, it seems likely that if the cases are not consolidated, then granting the requested relief to either party could potentially conflict with the outcome of the other case. *Cf. Ameritox, Ltd v. Aegis Sciences Corp.*, 2009 WL 305874 (N.D. TX 2009) (rule against claim-splitting justified to "avoid piecemeal resolution of issues that call for a uniform result").

These dangers could be obviated by consolidation, and consolidation would not prejudice Carroll ISD or deprive them of any substantial rights. Defs.' Mot. at 6-7. Indeed, while Defendants reserve the right to pursue motion practice based on claim-splitting in the future, consolidation might obviate the need for such motion practice. *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (consolidation of duplicative suits is preferable to dismissal of one).

## III.    Carroll ISD's Counterarguments Are Unpersuasive.

Carroll ISD largely accepts the benefits of consolidation discussed above with respect to their challenge to the Final Rule. But Carroll ISD opposes consolidation notwithstanding these benefits, based on its other claims challenging certain guidance documents in addition to the Final Rule, and due to the purported inconvenience of litigating in Amarillo instead of Fort Worth. These arguments fail to establish that consolidation is unwarranted here.

**First**, the inclusion in Carroll ISD's complaint of a challenge to an "Interpretation" and "Fact Sheet" that pre-dated the Final Rule does not undermine Defendants' arguments for consolidation. *Contra* Carroll ISD Mot. at 4-5. As Carroll ISD itself acknowledges, "[w]here two cases are related but the overlap . . . is less than complete, the district court with the first-filed case has discretion to consolidate the two." Carroll ISD Opp'n at 2 (cleaned up) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 974, 950-51 (5th Cir. 1997) and *Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)).

4

Here, while the overlap may not be complete, it is certainly substantial. It is the claims regarding the Final Rule—not the guidance documents—that are the focus of Carroll ISD's case. This is evident from even a cursory review of Carroll ISD's motion for a preliminary injunction, which barely mentions the Fact Sheet and Interpretation. Carroll ISD Mem. Supp. PI Mot., 24-cv-461, ECF No. 16. Moreover, the Fact Sheet and Interpretation were issued in 2021, Carroll ISD Compl. ¶¶ 98-104, 24-cv-461, ECF No. 1, but Carroll ISD only filed this lawsuit and motion for preliminary injunction after the recent promulgation of the Final Rule.

Carroll ISD further acknowledges that its case "cannot properly be consolidated" with the *third* case it mentions, which also challenges the guidance documents, "because that case is further advanced." Carroll ISD Opp'n 5. Thus, it appears that the only potential avenue to increase judicial efficiency is consolidation of the Carroll ISD case and the Texas case regarding the Final Rule, as Defendants have requested. Nor would the presence of claims challenging the guidance documents here lessen the benefits of consolidation; rather, they would only increase those benefits given that the Rule and guidance documents *also* involve related issues. And in any event Carroll ISD would not sacrifice any substantive rights regarding those claims through consolidation.

**Second,** Defendants do not dispute that Carroll ISD is apparently reluctant to travel to Amarillo. However, travel concerns are of limited weight here, where both cases raise claims under the Administrative Procedure Act that will be decided based on the administrative record. *Citizens to Pres. Overton Park, Inc.*, 401 U.S. at 420. Thus, the presence of witnesses will likely be unnecessary. Indeed, Carroll ISD has already stated that no evidentiary hearing will be necessary for its motion for preliminary injunction. 24-cv-461, ECF No. 18. Accordingly, this concern for convenience does not outweigh the many factors in favor of consolidation. *See, e.g., Wharton v. U.S. Dep't of Hous. & Urb. Dev.*, No. 2:19-CV-300, 2020 WL 6749943, at *2 (S.D. Tex. Mar. 3,

2020) (granting consolidation while "[u]nderstanding that consolidation could increase the travel for [certain] Plaintiffs").

## CONCLUSION

For these reasons and those stated in Defendants' motion, the Court should grant the Defendants' motion to consolidate these actions pursuant to Rule 42(a)(2).


Dated: June 9, 2024

Respectfully submitted,
BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Rebecca Kopplin*

REBECCA KOPPLIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 514-3953
Fax: (202) 616-8470
E-mail: rebecca.m.kopplin@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2024, I electronically filed this document with the Court

by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF

system. In addition, I served the document via email on the following:

Allison Allman, aallman@jw.com
Jonathan Scruggs, jscruggs@adflegal.org
Mathew Hoffmann, mhoffmann@adflegal.org
Natalie Deyo Thompson, nthompson@adflegal.org
Timothy Davis, tdavis@jw.com
Trevor Paul, tpaul@jw.com
Tyson Charles Langhofer, tlanghofer@adflegal.org

*Attorneys for Carroll Independent School District*


                                        */s/ Rebecca Kopplin*
                                        Rebecca Kopplin