IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA *et al.*, <br><br> Defendants. | 2:24-CV-86-Z |

**ORDER**

Before the Court is Defendants' Motion to Consolidate Cases ("Motion") (ECF No. 26), filed May 31, 2024, and Non-Party Carroll Independent School District's ("Carroll ISD") Motion for Leave to File Response in Opposition ("Motion for Leave") (ECF No. 31), filed June 7, 2024. The Motion for Leave is **GRANTED** and the Defendant's Motion is **DENIED**.

### BACKGROUND

Plaintiff State of Texas filed the instant lawsuit on April 29, 2024. ECF No. 1. Three weeks later, Plaintiff Carroll Independent School District filed a separate lawsuit in the United States District Court for the Northern District of Texas, Fort Worth Division. No. 4:24-CV-00461-O (N.D. Tex.), ECF No. 1. Defendants then moved in this case for consolidation. ECF No. 26.

### ANALYSIS

Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions . . . ." Local Rule 42.1 adds: "Motions to consolidate civil actions . . . must be served on an attorney for each party in each case sought to be consolidated. After consolidation, all pleadings, motions, or other

papers must only bear the caption of the first case filed."

These Rules envision and permit consolidation when multiple actions are pending *before the same court*. That is not the case here. This case was filed in the Amarillo Division, while Case No. 4:24-CV-00461-O was filed in the Fort Worth Division. This Court lacks authority to wrest a case from another division, and therefore it cannot grant Defendants the relief they seek. *See* 28 U.S.C. § 1404(b) ("Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the *division* in which pending to any other division in the same district.") (emphasis added).

Even if this Court could grant Defendants the relief they seek, it would not. That is because, *inter alia*, doing so would force Carroll ISD to litigate 339 miles from home. ECF No. 31-1 at 3. And the Fifth Circuit is clear that a "*plaintiff's* choice of venue is entitled" to "appropriate deference." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (emphasis added). The Court applies that deference today.

CONCLUSION

Defendants' Motion is **DENIED**.

**SO ORDERED**.

June 10, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE