UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-86-Z<br>District Judge Matthew J. Kacsmaryk |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION
OF TIME TO FILE RESPONSE TO COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Civil Rule 7.1, and with Plaintiffs' consent, Defendants respectfully move for a 21-day extension of time, from July 15 to August 5, 2024, to answer or otherwise respond to Plaintiffs' Amended Complaint (the "Complaint"). Defendants previously moved, on July 11, 2024, for a stay of their answer deadline until 21 days after the Court issued its decision on Plaintiffs' motion for preliminary relief. ECF No. 47. Later that day, the Court granted Plaintiffs' motion for preliminary relief in part. ECF No. 48. On July 12, 2024, the Court denied Defendants' motion to stay their answer deadline as moot and ordered Defendants to file their answer or other response to the Complaint by July 15, 2024. ECF No. 51. For the reasons that follow, good cause exists to extend Defendants' response deadline.

1.      First, the parties thus far have been occupied with preliminary injunction motion practice. On May 15, 2024, Plaintiffs served the Complaint and their Motion for Stay of Agency Action and Preliminary Injunction. *See* ECF No. 25 at 1; ECF Nos. 12 & 16. Defendants filed their

1

response to Plaintiffs' motion for preliminary relief on June 14, 2024, ECF Nos. 40 & 41, and Plaintiffs filed their reply on June 28, 2024, ECF No. 46. The Court issued its decision granting in part Plaintiffs' Motion for Stay of Agency Action and Preliminary Injunction on July 11, 2024. ECF No. 48. The requested extension of Defendants' answer deadline will not affect any other deadlines in the case.

2. Second, the requested additional time will allow the parties a meaningful opportunity to meet and confer regarding their views on how the next phase of this case might proceed in this Court, including a proposed schedule and order of events that takes account of this Court's preliminary injunction order. Any consensus the parties might reach on those issues has the potential to affect or obviate the deadline for Defendants' response to the Complaint if the Court agrees to it.

3. Third, the requested extension will allow Defendants to fully evaluate and respond to the claims in the Complaint, in a manner that takes account of the Court's order on Plaintiffs' preliminary injunction motion. Additional time is also needed to allow time for the requisite coordination and intra- and inter-agency review that must be employed in order for Defendants to submit their response to the Complaint.

4. Fourth, over the past two months, undersigned counsel have been litigating motions for preliminary relief in more than half a dozen related cases challenging the Final Rule at issue. *See Kansas v. U.S. Dep't of Educ.*, --- F. Supp. 3d ---, 2024 WL 3273285, at *10 (D. Kan. July 2, 2024), *appeal filed*, No. 24-3097 (10th Cir. July 11, 2024); *Tennessee v. Cardona*, --- F. Supp. 3d ---, 2024 WL 3019146 (E.D. Ky. June 17, 2024), *appeal filed*, No. 24-5588 (6th Cir. June 26, 2024); *Louisiana v. U.S. Dep't of Educ.*, No. 3:24-CV-00563, 2024 WL 2978786, at *4 (W.D. La. June 13, 2024), *appeal filed*, No. 24-30399 (5th Cir. June 25, 2024); Mem. Op. & Order, *Carroll*

*Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O (N.D. Tex. June 11, 2024), ECF No. 43; *see also* Mot. for Stay of Effective Date or Prelim. Inj., *Alabama v. Cardona*, No. 7:24-cv-00533-ACA (N.D. Ala. May 8, 2024), ECF No. 7; Mot. for 5 U.S.C. 705 Stay and Prelim. Inj., *Arkansas v. Cardona*, No. 4:24-cv-00636-RWS (E.D. Mo. May 21, 2024), ECF No. 9; Mot. for Prelim. Inj., *Oklahoma v. Cardona*, No. 5:24-cv-00461-JD (W.D. Okla. June 28, 2024), ECF No. 21. These proceedings have included, for Defendants, not only briefs in opposition to the numerous motions for preliminary relief, but also unexpected supplemental and post-argument briefing in several cases. *See, e.g.*, Defs.' Suppl. Br., *Alabama v. Cardona*, No. 7:24-cv-00533-ACA (N.D. Ala. June 17, 2024), ECF No. 35; Defs.' Suppl. Br., *Kansas v. U.S. Dep't of Educ.*, 5:24-cv-04041-JWB-ADM (D. Kan. June 24, 2024), ECF No. 47. This past week, in just one of these cases, undersigned counsel filed 70 pages of supplemental briefing and proposed findings of fact and conclusions of law. *See* Defs.' Suppl. Br., *Arkansas v. Cardona*, No. 4:24-cv-636-RWS (E.D. Mo. July 8, 2024), ECF No. 41; Defs.' Suppl. Br., *Arkansas v. Cardona*, No. 4:24-cv-636-RWS (E.D. Mo. July 12, 2024), ECF No. 47; Defs.' Prop. Findings of Fact & Concl. of Law, *Arkansas v. Cardona*, No. 4:24-cv-636-RWS (E.D. Mo. July 12, 2024), ECF No. 50. In addition, on Thursday, after granting in part the plaintiff's motion for a preliminary injunction in a related case in this district, Judge O'Connor ordered the parties to submit supplemental briefing by July 18 on issues related to the plaintiff's request for a Section 705 stay. *See* Mem. Op. & Order at 15, *Carroll Ind. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-cv-00461-O (N.D. Tex. June 11, 2024), ECF No. 43. This press of business faced by undersigned counsel in other related cases provides additional good cause for granting this motion.

5. Good cause exists to extend Defendants' deadline to answer or otherwise respond to the Complaint. Under Rule 6(b)(1)(A), "the court may, for good cause, extend the time" for

Defendants to file an answer or other response to the Complaint. "Good cause" in this context is a "non-rigorous standard," and "[r]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). As this Court has previously observed, "[i]f a deadline has not expired, a court 'may extend the period for any reason, upon a party's motion or even on its own initiative.'" Order, *Bruckner Truck Sales, Inc. v. Guzman*, No. 2:23-cv-00097-Z (N.D. Tex. Aug. 16, 2023), ECF No. 25 (Kacsmaryk, J.) (quoting *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F. 4th 521, 524 (5th Cir. 2021)). Here, as in that prior case, "the relevant deadlines have not passed, Plaintiffs are unopposed to the Motion," and Defendants have made "good-faith efforts thus far to proceed in a timely fashion." *Id.*

6.  For all the reasons set forth above, Defendants respectfully request that the Court grant a 21-day extension, from July 15 to August 5, 2024, of Defendants' deadline to answer or otherwise respond to the Complaint.

7.  Undersigned counsel reached out to Plaintiffs' counsel by email on July 12, 2024, to seek their position on this motion. Plaintiffs' counsel informed undersigned counsel that Plaintiffs consent to the requested 21-day extension of Defendants' deadline to answer or otherwise respond to the Complaint. A proposed order is attached.

Dated: July 13, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Branch Director

*/s/ Elizabeth Tulis*
ELIZABETH TULIS
REBECCA KOPPLIN
BENJAMIN TAKEMOTO
PARDIS GHEIBI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-9237
Fax: (202) 616-8470
E-mail: elizabeth.tulis@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 12, 2024, I conferred by email with Ryan Walters, Chief, Special Litigation, Office of the Texas Attorney General, about this motion. Mr. Walters informed me by email that Plaintiffs consent to the relief sought in this motion.

*/s/ Elizabeth Tulis*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2024, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Elizabeth Tulis*